IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CV-73-FL

| | |
|---|---|
| ETHEL NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on plaintiff's motion for judgment on the pleadings (DE # 17) and defendant's motion for judgment on the pleadings (DE # 21). On March 11, 2008, United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") recommending the denial of disability insurance benefits. Plaintiff timely filed objections to the M&R, and defendant did not respond. Accordingly, the matter is ripe for adjudication.

STATEMENT OF THE CASE

Plaintiff filed an application for disability insurance benefits on June 24, 2003, alleging an onset of disability date of January 1, 2001. (Tr. 66-68). Plaintiff alleged disabilities of schizophrenia, diabetes, high blood pressure, and migraine headaches. After her claim was denied at the initial and reconsideration levels, she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 329-362). A hearing was held by video conference on January 6, 2006. (Tr. 329-362). Following the hearing, the ALJ issued an unfavorable decision on June 15, 2006. (Tr. 17-27). Plaintiff appealed the ALJ's decision to the Appeals Council, which, on March 10, 2007, found no basis for

review, rendering the ALJ's decision the final decision of the Commissioner from which plaintiff now appeals. (Tr. 5-8). Plaintiff filed complaint on May 25, 2007, seeking review of the final administrative decision.

## STATEMENT OF THE FACTS

At the time of plaintiff's hearing before the ALJ, plaintiff, a high school graduate residing with her mother, was sixty (60) years old.[1] (Tr. 333-334). In the course of conducting the five-step sequential evaluation as set forth in 20 C.F.R. section 404.1520, the ALJ determined that plaintiff was no long engaged in substantial gainful employment and suffered from the severe impairments of schizophrenia, diabetes mellitus, hypertension, and obesity. (Tr. 19). The ALJ determined that these impairments were not severe enough, individually or in combination, to meet or equal one of the listed impairments set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 20). Next, the ALJ evaluated plaintiff's residual functional capacity ("RFC") and found that plaintiff could perform medium work, stand and walk for up to six hours in the course of an eight-hour day, and sit up for six hours in an eight-hour day. (Tr. 21). The ALJ further found that plaintiff should avoid production work and interactions with the public, and that plaintiff was more properly suited to perform simple, routine, and repetitive tasks. (Id.) The ALJ concluded that the plaintiff retained the RFC to return to her past work as a kitchen helper and therefore that plaintiff was not disabled for purposes of the relevant statute.

---

[1] Further findings concerning the plaintiff's employment history and illness are set out with greater particularity in the M&R. (See M&R pp. 5-7).

Case 4:07-cv-00073-FL   Document 26   Filed 06/16/08   Page 2 of 5

DISCUSSION

A.  Standard of Review

The court may "designate a magistrate [magistrate judge] to conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate . . . shall file his proposed findings and recommendations . . . with the court[.]" 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

When reviewing a decision of an administrative law judge, the court looks to whether there is substantial evidence to support the findings and whether the law was applied correctly. See 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (internal citation omitted); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456. Even if the court disagrees with Commissioner's decision, the court must uphold it if it is supported by substantial

3

evidence. Id. With these principles in mind, and having benefit of the M&R, the court turns to the objections at hand.

B.  Analysis

Plaintiff objects that the ALJ's determination "ignores the reality and totality of [plaintiff's] circumstances . . .," due to the fact that "the ALJ did not really listen to what [plaintiff] said." (Obj. pp. 1, 4). More specifically, plaintiff objects that she "cannot function in the way contemplated by the regulations for her to perform medium work on a full time basis." (Obj. p. 2). In support of this objection, plaintiff sets forth factual claims which she asserts support a determination that she can only work on a part-time basis. For example, plaintiff highlights her testimony that "she isn't able to do anything once she comes home from work and that she is just sore all over," and, instead of lifting multiple dishes at once, she "is lifting and washing one dish at a time." (Obj. pp. 3, 4). Based on these and other similar facts, plaintiff argues that the "overall picture in [plaintiff's] case compels the opposite decision to the one arrived at by the ALJ." (Obj. p. 5).

In essence, plaintiff argues that the record does not support specific conclusions drawn by the ALJ and confirmed by the magistrate judge. Plaintiff's objection fails to mention clear evidence in the record and an acceptance of the plaintiff's argument would require this court to re-weigh evidence that has already been thoroughly considered and weighed by the ALJ. Even were the court to disagree with the ALJ's findings, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456. The court

4

finds that substantial evidence supports the ALJ's determinations, as is required by law.

For these and other reasons more fully described in the M&R, this court finds that the decision of the ALJ was supported by substantial evidence and resulted from the correct application of the law.

## CONCLUSION

For the foregoing reasons defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion for judgment on the pleadings is DENIED. The clerk is directed to CLOSE this case.

SO ORDERED, this the 16th day of June, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge